UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHERRI ANNE BUNKER,<br><br>    Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>    Defendant. | 2:11-CV-01286-PMP-NJK<br><br>ORDER |

    Presently before the Court is Defendant Ford Motor Company's ("Ford") Notice of Manual Filing (Doc. #46), filed on August 26, 2013. Ford filed the Notice of Manual Filing in response to the Court's Order dated August 22, 2013 directing Ford to file the relevant excerpt of the System Design Specification document that was not provided to the Court with Ford's Motion for Summary Judgment. (Order (Doc. #44) at 3 n.2, 22.) Rather than filing the System Design Specification in the Court's docket, Ford filed a Notice of Manual Filing indicating that the System Design Specification would be served in camera for the Court's review. (Notice of Manual Filing (Doc. #46).) According to Ford, the System Design Specification is subject to the Stipulated Protective Order (Doc. #26) in this case. (Id. at 2.) Ford subsequently delivered to chambers a copy of the relevant excerpt of the System Design Specification in an envelope marked "Exhibit D Filed Under Seal."

    Generally, the public has a right to inspect and copy judicial records. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. Id. Consequently, a party seeking to seal a judicial record "bears the burden of overcoming this strong presumption." Id. In the case of

1  dispositive motions, the party seeking to seal the record "must articulate compelling reasons
2  supported by specific factual findings that outweigh the general history of access and the
3  public policies favoring disclosure, such as the public interest in understanding the judicial
4  process." Id. at 1178-79 (alteration and internal quotation marks and citations omitted).
5  Among the compelling reasons which may justify sealing a record are "when such court
6  files might have become a vehicle for improper purposes, such as the use of records to
7  gratify private spite, promote public scandal, circulate libelous statements, or release trade
8  secrets." Id. at 1179 (quotation omitted).  However, avoiding a litigant's "embarrassment,
9  incrimination, or exposure to further litigation will not, without more, compel the court to
10 seal its records." Id.

11       Here, Ford does not file a motion to seal pursuant to Local Rule 10-5 or
12 otherwise articulate why the System Design Specification document provided to the Court
13 in camera should be sealed in its entirety.  Ford states in its Notice of Manual Filing that
14 "the System Design Specification document is subject to the Stipulated Protective Order"
15 that the parties entered into with respect to discovery.  But Ford does not provide any
16 explanation of the portions of the System Design Specification document that should be
17 sealed and why they should be sealed.  The fact that the parties entered into a protective
18 order for discovery purposes is not a compelling reason to seal court records which
19 presumptively are publicly accessible.  The Court therefore will order any party seeking to
20 seal the System Design Specification document to show cause why it should not be
21 unsealed and filed in the Court's docket.

22       IT IS THEREFORE ORDERED that any party seeking to seal the System Design
23 Specification shall show cause, in writing and with any supporting affidavits they deem
24 necessary, no later than fourteen (14) days from the date of this Order, why Defendant Ford
25 Motor Company's excerpt of the System Design Specification should not be unsealed and
26 filed in the Court's docket.  If the parties fail to show cause, the excerpt of the System

1  Design Specification provided to the Court <u>in camera</u> will be unsealed and filed in the
2  Court's docket.  A party seeking to seal only portions of a document shall provide a
3  proposed redacted copy of the document.
4
5  DATED: September 3, 2013
6
7                                              _____
                                                PHILIP M. PRO
8                                               United States District Judge